CHARLES S. WOOD, Appellant, *v.* GALWAY & COMPANY and Others, Respondents, Impleaded with INDIAN LAKE MILL COMPANY and GEORGE S. MOREHOUSE, Appellants.

Third Department, January 8, 1919.

**Mechanics' liens — assignment by highway contractor of moneys due or to become due as collateral to secure advances — priority of claims of materialmen having liens and assignee — proof.**

An assignment by a highway contractor to the surety on its bond of moneys due or to become due as collateral security to secure further advances, is of no particular force as against materialmen having a claim against the fund, without proof of the amount of advances made. Mechanics' liens are effective against moneys unpaid upon the contract unless advances have been actually made thereon. If advances have been made prior to the filing of the liens, the amount thereof takes precedence over the liens.

Where, in such case, the assignee is depriving the materialmen of the advantage which the Mechanics' Lien Law intended for them, strict proof should be made. ·

APPEAL by the plaintiff, Charles S. Wood, and by the defendants, Indian Lake Mill Company and another, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Warren on the 29th day of May, 1918, upon the decision of the court after a trial at the Saratoga Special Term.

*Frank D. Morehouse* [*Frank Hurley* with him on the brief], for the appellants.

*Joseph A. Murphy* for the respondent New England Equitable Insurance Company.

*Merton E. Lewis, Attorney-General,* for the respondent the People of the State of New York.

JOHN M. KELLOGG, P. J.:

The action was brought to foreclose a mechanics' lien on the amount unpaid Galway & Co., contractors, for building a highway under contract with the People of the State of New York. The defendants, appellants, also sought to enforce their liens. The moneys due on the contract were in

amount sufficient to satisfy said liens. The defendant insurance company claimed said moneys under an assignment from the contractor, and, on January 8, 1917, after the liens were filed they were discharged pursuant to subdivision 5 of section 21 of the Lien Law and the moneys paid to the insurance company. The judgment appealed from establishes the liability of the contractor to the appellants, but denies relief to them as to the moneys so paid over to the insurance company. The facts that the appellants furnished material and services for the amount claimed, and that they had liens on any moneys due the contractor, were not denied. It was found, however, that before the liens were filed the contractor had assigned to the insurance company all moneys due or to become due upon the contract. The assignment was made June 14, 1916, after the principal part of the indebtedness to the appellants arose. The assignment was in consideration of one dollar " and in further consideration of additional moneys advanced and to be advanced to and on behalf of said Galway & Company," and was of all moneys due or to become due to them under said contract. There is no evidence that the insurance company ever advanced any money to or for the contractors under the assignment other than the one dollar mentioned in it. The insurance company was the surety upon the bond required by law to be given by the contractor, but the assignment does not recite that it was given to secure such a liability. It is not now material to consider whether it covers such a liability, and we pass no judgment upon that question. In effect the assignment was a collateral security to secure further advances, and as against a party having a claim in good faith against the fund, is of no particular force without proof of the amount of advances made pursuant to it. (*Marsh* v. *Kinney*, 11 Wkly. Dig. 144.)

The judgment was based principally upon the stipulation of the parties, and apparently one of the real questions necessary for consideration in deciding the case was overlooked. The appellants' liens are effective against the moneys unpaid upon the contract unless advances have been actually made upon the contract. If advances have been made prior to the filing of the liens the amount thereof would take precedence over the liens. (*Riverside Contracting Co.* v. *City of New*

*York*, 218 N. Y. 596; *Bates* v. *Salt Springs National Bank*, 157 id. 322.)

In this case where the insurance company, under its assignment, is depriving the materialmen of the advantage which the Mechanics' Lien Law intended for them and giving to the company the benefit of their material and work, there is good reason for requiring that strict proof should be made.

The judgment should, therefore, be reversed, in the interest of justice, as not sustained by the evidence, and a new trial granted, with costs to the appellant, plaintiff, and one bill of costs to the appellants, defendants, to abide the event.

All concurred.

Judgment reversed on the ground that the decision is against the weight of evidence, and new trial granted, with costs to appellant, plaintiff, and one bill of costs to the appellants, defendants, to abide the event.